IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                    4:18-CR-00627-BRW

CHRISTOPHER TERRY

### ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 47) is DENIED.

### I.     BACKGROUND

On October 23, 2019, Defendant pled guilty to being a felon in possession with intent to distribute cocaine.[1] On February 20, 2020, he was sentenced to the mandatory minimum of 37 months in prison.[2]

### II.    DISCUSSION

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4]

---

[1] Doc. Nos. 31, 33.

[2] Doc. Nos. 44, 45.

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4] See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

Defendant has provided neither argument nor evidence that he has requested relief from the warden and exhausted his administrative remedies. Accordingly, this Court lacks jurisdiction.

Even if this Court had jurisdiction, the request would be denied. In support of his motion, Defendant asserts that he fears that he will contract COVID-19. First, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[5] Second, Defendant is 27 years old, which means he does not meet the age minimum requirement under the Guidelines.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Defendant has three prior convictions, and all involve drugs, which is the same behavior as the instant offense. Additionally, Defendant was on probation when he committed the instant offense.

The severity of the instant offense must also be considered. A search conducted on Defendant's residence in July 2018 resulted in officers finding a box of .22 caliber ammunition, a digital scale with cocaine residue, and a plastic baggie containing cocaine residue. In October 2018, detectives attempted to serve felony arrest warrants on Defendant at his house. Defendant fled. When detectives caught Defendant, he attempted to grab a taser and struck a detective in the face. After two attempts to subdue Defendant with a taser, detectives were able to place restraints on him once backup officers arrived on scene. A search of Defendant revealed a small baggie containing cocaine in his front pants pocket and another larger baggie containing suspected cocaine in his groin area. Ultimately, Defendant possessed 22.6721 grams of cocaine

---

[5]*United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

base.  Officers also recovered $450 of U.S. currency from Defendant and a working digital scale with cocaine residue was found in the area where Defendant fled.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 47) is DENIED.

IT IS SO ORDERED, this 1st day of December, 2020.

Billy Roy Wilson
UNITED STATES DISTRICT JUDGE
